IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **NIKE USA, Inc.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-3187 |
| | ) |
| **FIRST TO THE FINISH REAL ESTATE, LLC; KIM M. VIANO and MICHAEL J. VIANO, d/b/a FIRST TO THE FINISH, INC.; KIM M. VIANO and MICHAEL J. VIANO, d/b/a FIRST TO THE FINISH, LLC; KIM M. VIANO; and MICHAEL J. VIANO, a/k/a as MIKE VIANO,** | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is a Motion to Dismiss (d/e 10) filed by Defendants First to the Finish Real Estate, LLC; Kim M. Viano and Michael J. Viano doing business as First To The Finish, Inc.; Kim M. Viano and Michael J. Viano doing business as First To The Finish, LLC; Kim M. Viano; and Michael J. Viano also known as Mike Viano (collectively "Defendants"). Defendants alternatively request an automatic stay of this case while a separate but related bankruptcy case proceeds in the Bankruptcy Court for the

Southern District of Illinois.  Defendants have not carried their burden to show that dismissal is required.  Nor have they shown that a stay under 11 U.S.C. § 362 is appropriate.  Accordingly, Defendants' Motion (d/e 10) is DENIED.

## I. BACKGROUND

The Court takes the following facts from Plaintiff Nike USA, Inc.'s ("Nike") Complaint at the motion to dismiss stage, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in Plaintiff's favor.

Plaintiff Nike is an Oregon corporation which specializes in the design, development, and marketing and selling of athletic footwear, apparel, equipment, accessories, and services.  Compl. ¶ 5.  Defendants are Kim M. Viano and Michael J. Viano, both as individuals ("Individual Defendants") and doing business as First to the Finish Inc. and First to the Finish LLC.  First to the Finish Real Estate LLC is also a named defendant.  Id. ¶¶7–19.  First to the Finish Real Estate LLC and Kim M. Viano and Michael J. Viano doing business as First to the Finish Inc. and First to the Finish LLC are hereinafter collectively referred to as "Corporate Defendants".  Not named as a defendant is First to the Finish Kim

and Mike Viano Sports, Inc. ("Bankrupt Company") which, on October 7, 2020, filed a Chapter 11 voluntary petition for bankruptcy under 11 U.S.C. §§ 1101 et seq. ("Chapter 11") in the United States Bankruptcy Court for the Southern District of Illinois case number 20-30955 ("Bankruptcy Case"). Compl. ¶ 24.

Plaintiff's suit arises out of a secured transaction entered into by Plaintiff Nike, Corporate Defendants, Individual Defendants, and the Bankrupt Company. Compl. ¶ 22. The transaction included a promissory note titled Nike USA, Inc. Secured Promissory Note ("Note") and a security agreement titled Nike USA, Inc. Security Agreement ("Security Agreement"), both of which are dated January 8, 2020 and list as parties Plaintiff Nike, the Bankrupt Company, and Corporate Defendants. Id. ¶¶22 & 26. Under the terms of the Note and Security Agreement, the Bankrupt Company and Corporate Defendants acknowledged that they collectively owed Plaintiff an outstanding balance of $971,187.23 "for goods and services" Plaintiff provided the Bankrupt Company and Corporate Defendants and promised to pay Plaintiff that same amount. Id. ¶ 27 & 28. The Security Agreement granted Plaintiff an interest in nearly all the Bankrupt Company's and Corporate Defendants'

assets.  Id. ¶32 & 33.  Plaintiff perfected its security interest in those assets by filing a UCC-1 with the State of Illinois which was recorded on January 18, 2020.  Id. ¶39 & 40.

Plaintiff also executed personal and corporate guarantee agreements with the Individual Defendants and the Bankrupt Company and Corporate Defendants.  Both Michael J. Viano and Kim M. Viano provided separate personal guarantees of payment to Plaintiff which were dated November 29, 2019.  Compl. ¶45, 47, 58, & 59 (citing Compl. Ex. E & F, hereinafter collectively the "Personal Guarantees").  In the Personal Guarantees, both Kim M. Viano and Michael J. Viano personally guaranteed the debts of the Bankrupt Company and the Corporate Defendants, stating:

> Guarantor agrees to indemnify Nike and hold Nike harmless from all obligations, demands, claims, and liabilities asserted by any other party, and against all losses uncured or paid by Nike in any way arising out of or in connection with Nike's transactions with [the Corporate Defendants and the Bankrupt Company] or Guarantor.

Compl. ¶¶46, 48, & 52 ("Personal Guarantees").  Meanwhile, Michael J. Viano, on behalf of the Bankrupt Company and Corporate Defendants, provided Plaintiff with two corporate

guarantees, one executed on December 16, 2019 and one executed on January 9, 2020.  Id. ¶¶61–63 (citing Id. Ex. G & H, collectively the "Corporate Guarantees").  In the Corporate Guarantees, each Corporate Defendant guaranteed Plaintiff all payment and indebtedness owed by each other Corporate Defendant to Plaintiff. Id. at ¶64.  The Corporate Guarantees stated,

> Guarantors unconditionally, absolutely and irrevocable guarantee and promise to pay to Nike when due all payments and indebtedness owed by every other Guarantor to Nike.

Id. Ex. G.  The outstanding balance listed in the Corporate Guarantees is $971, 187.23.  Id. ¶67.

The Bankrupt Company and Corporate Defendants defaulted on the Note and Security Agreement on February 7, 2020 after failing to make payment.  Id. ¶41.  The Bankrupt Company and Corporate Defendants then entered a Forbearance Agreement (Compl. Ex. D) on which the Bankrupt Company and Corporate Defendants defaulted by failing to make payment on September 15, 2020.  Id. ¶42 & 43.  Upon default, the Forbearance Agreement entitled Plaintiff to exercise all rights and remedies provided in the Note and Security Agreement.  Id. ¶44.

Plaintiff filed suit on August 25, 2021 against Individual Defendants and Corporate Defendants. See generally Compl. Plaintiff alleges five Counts of breach of contract, one Count seeking judgment on the Note, and one Count of indemnification. Id. Alternatively, Plaintiff alleges one Count of unjust enrichment. Id. Defendants now move to dismiss the Complaint or, in the alternative, stay this case pending the Chapter 11 reorganization of the Bankrupt Company.

## II.   ANALYSIS

Defendants request dismissal under Rule 12(b)(7) of the Federal Rules of Civil Procedure or, in the alternative, an automatic stay under 11 U.S.C. § 362(a).

### a. Defendants have not shown that the Bankrupt Company is an indispensable party.

A motion under Rule 12(b)(7) seeks dismissal of an action for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). In deciding whether an action should be dismissed under Rule 12(b)(7), the Court first considers whether "the party to be joined satisfies the threshold requirements of Rule 19(a)." Boulevard Bank

Nat'l Ass'n v. Philips Med. Sys. Int'l B.V., 15 F.3d 1419, 1422 (7th Cir. 1994). A party is necessary under Rule 19(a) if:

> (A) in that [party's] absence, the court cannot accord complete relief among existing parties; or
> (B) that [party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The movant bears the burden of showing that a party is necessary under Rule 19(a) on a motion under Rule 12(b)(7). Ochs v. Hindman, 984 F.Supp.2d 903, 906 (N.D. Ill. 2013). If the to-be-joined party satisfies Rule 19(a), the Court then, and only then, considers whether the factors set out in Rule 19(b) weigh in favor of dismissal.

The Bankrupt Company here is not a necessary party under Rule 19(a). "A contract guaranteeing the payment of a note or a debt is an absolute contract, and by [the guarantee] the guarantor undertakes, for a valuable consideration, to pay the debt at maturity if the principal debtor fails to do so, and upon [the

guarantee], if the debt is not paid at maturity, the guarantor may be sued at once." Beebe v. Kirkpatrick, 152 N.E. 539, 540–41 (Ill. 1926). This means that "[u]nder Illinois law, a lender holding a guaranty of payment may sue a guarantor directly, without naming the borrower." Boulevard, 15 F.3d at 1423 (citing Weger v. Robinson Nash Motor Co., 172 N.E. 7, 11 (Ill. 1930) and Lawndale Steel Co. v. Appel, 423 N.E.2d 957, 960 (Ill. 1981)).

In this case, Plaintiff has sued both the Individual Defendants and the Corporate Defendants as the guarantors of a promissory note originally entered into by Plaintiff and the Bankrupt Company. Plaintiff did not sue the Bankrupt Company. As the terms of the Personal and Corporate Guarantees alleged in the Complaint make clear, the Individual Defendants and Corporate Defendants absolutely guaranteed payment to Plaintiff in the event the Bankrupt Company defaulted. Compl. ¶¶ 49, 69, Ex. E–H. After the Bankrupt Company defaulted on the Note, Plaintiff was entitled to file suit against the "guarantor[s] directly, without naming the borrower" under Illinois law. Boulevard, 15 F.3d at 1423. The Bankrupt Company, therefore, is not a necessary party to this suit. Additionally, because the Court determines that the Bankrupt

Company is not a necessary party under Rule 19(a), the Court does not reach the second step of the analysis under Rule 19(b).

**b. Defendants have not shown that the § 362(a) automatic stay in the Bankruptcy Case is applicable here.**

In the alternative, Defendants seek an automatic stay of this case under 11 U.S.C. § 362(a) while the Bankruptcy Case proceeds. When a person or business files a petition for bankruptcy, § 362(a) states that the petition "operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case" in bankruptcy.  11 U.S.C. § 362(a)(1).  Automatic stays under § 362 are "fundamental debtor protections." Matter of Fernstrom Storage & Van Co., 938 F.2d 731, 735 (7th Cir. 1991).

Generally, automatic stays under § 362 apply only to the debtor in bankruptcy and "do[] not bar actions against a debtor's insurers, guarantors, or sureties." Id. (citing 11 U.S.C. § 362(a) and Credit Alliance Corp. v. Williams, 851 F.2d 119, 121 (4th Cir. 1988)).  But like all general rules, § 362(a)'s general rule permitting suits against guarantors is not without exceptions.  The first

exception applies where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Id. (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir.), cert. denied, 479 U.S. 876 (1986)).  The second exception applies where "the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan irreparable harm." Id. (internal quotation and additional citation omitted).

    Here, Defendants ask the Court to "impose the conditions of the stay provided by 11 U.S.C. § 362(a)." Def.'s Mot. (d/e 10) p. 4. Defendants argue that Plaintiff is seeking to "impair the prospects of reorganization" of the Bankrupt Company "by subjecting personal guarantors to liability before the resolution of the bankruptcy case." Id.  However, Defendants have not presented evidence of how they, as individual and corporate guarantors of the Bankrupt Company's debts, are so interconnected with the Bankrupt Company as to "be said to be the real party defendant" in this case. Fernstrom, 938 F.2d at 735.  Defendants have also not

presented any evidence that the Bankrupt Company's reorganization plan will be irreparably harmed by this proceeding. Moreover, as Plaintiff points out, the Chapter 11 Trustee in the Bankruptcy Case has not sought an order from the Bankruptcy Court for the Southern District of Illinois to stay this case despite the Trustee's authority and potential duty to do so if the Trustee believed such a stay was necessary and appropriate.  Lastly, and perhaps more importantly, an "extension of the stay to nonbankrupt parties . . . must be requested affirmatively by the debtor" in the Bankruptcy Case, In re Richard B. Vance & Co., 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003), because "[i]t is the debtor's burden to establish the exception." In re Lennington, 286 B.R. 672, 674–75 (Bankr. C.D. Ill. 2001) (citing Matter of James Wilson Assoc., 965 F.2d 160, 170 (7th Cir. 1992).  Therefore, the Court cannot find that Defendants fall into either exception to § 362(a)'s general rule barring extension of the stay in the Bankruptcy Case to this case.

### III.   CONCLUSION

Defendants have not carried their burden of showing that the Bankrupt Company is an indispensable party under Rule 19(a).  To

the extent Defendants request dismissal under Rule 12(b)(7), the Motion (d/e 10) is DENIED.  Defendants have also not shown that they fall into either of § 362(a)'s automatic stay exceptions.  To the extent Defendants seek an extension of the § 362(a) automatic in the Bankruptcy Case to this case, that request is also DENIED.  However, the parties are instructed to inform the Court as soon as possible should the Bankruptcy Court for the Southern District of Illinois enter a contrary order staying this case.

**IT IS SO ORDERED.**
**ENTERED: July 6, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**