### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NIKE USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-03187 |
| | ) | |
| | ) | |
| FIRST TO THE FINISH REAL ESTATE, LLC; | ) | |
| KIM M. VIANO AND MICHAEL J. VIANO, | ) | |
| D/B/A FIRST TO THE FINISH, INC.; | ) | |
| KIM M. VIANO AND MICHAEL J. VIANO, | ) | |
| D/B/A FIRST TO THE FINISH, LLC; | ) | |
| KIM M. VIANO; AND MICHAEL J. VIANO, | ) | |
| A/K/A MIKE VIANO | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Nike USA, Inc.'s ("Nike") Motion for Summary Judgment (Doc.
23) against Defendants First to the Finish Real Estate, LLC; Kim M. Viano and Michael J.
Viano d/b/a First To The Finish, Inc.; Kim M. Viano and Michael J. Viano d/b/a First to
The Finish, LLC; Kim M. Viano; and Michael J. Viano a/k/a Mike Viano (collectively,
"Defendants").[1]

---

[1] First to the Finish Real Estate LLC, Kim M. Viano and Michael J. Viano d/b/a First To The Finish, Inc.,
and First to the Finish LLC are hereinafter collectively referred to as the "Corporate Defendants."

I.       **PROCEDURAL HISTORY**

On August 21, 2021, Nike filed its Complaint (Doc. 1) against Defendants for breach of contract, judgment on a note, indemnification, and in the alternative, unjust enrichment. Specifically, Nike seeks damages totaling $971,187.23, plus interest, fees, and costs for "goods and services" Nike provided for which Defendants promised to pay.[2] (*Id.*). On October 27, 2021, Defendants moved to dismiss (Doc. 10) the Complaint pursuant to Fed. R. Civ. P. 12(b)(7), which the Court denied on July 6, 2022. (Doc. 13 Opinion and Order).

On October 7, 2020, First to the Finish Kim and Mike Viano Sports, Inc. filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Illinois, leaving the remaining defendants to pay Nike. (*See* Case No. 20-30955-lkg). On August 19, 2022, Defendant First to the Finish Real Estate, LLC ("FTTFRE") filed a voluntary chapter 11 petition for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Illinois. (*See* Case. No. 22-30513). On December 27, 2022, the Bankruptcy Court dismissed FTTFRE's chapter 11 petition. (*See id.*).

On January 23, 2023, and January 24, 2023, respectively, Defendants Michael Viano and Kim Viano filed their answers to Nike's First Interrogatories, admitting liability of $736,123.97. (Doc. 23 Exh. 3 at ¶¶ 1-3; Exh. 4 at ¶¶ 1-3). On April 28, 2023, Nike filed its

---

[2] While the Complaint seeks damages totaling $971,187.23, Nike concedes, for purposes of this Motion only, to judgment against Defendants in the amount of $736,123.97 – the amount Defendants previously admitted they owe Nike. (Doc. 23-1 at 5; Doc. 23-4, M.V. Resp. to Interrog. at ¶¶ 1-3; Doc. 23-5, K.M. Resp. to Interrog. at ¶¶ 1-3).

Motion for Summary Judgment. (Doc. 23). Defendants did not file a response to Nike's Motion.

## II.    FACTUAL BACKGROUND

Nike is an Oregon corporation with its principal place of business in Beaverton, Oregon. (Doc. 1 at ¶¶ 5–6). Nike specializes in the design, development, marketing and selling of athletic footwear, apparel, equipment, accessories, and services. (*Id.*). Defendants are Kim M. Viano and Michael J. Viano, both as individuals (collectively, the "Vianos") and doing business as First to the Finish Inc. and First to the Finish LLC. (*Id.* at ¶¶ 12-13). The Vianos are citizens of Carlinville, Illinois. (*Id.* at ¶¶ 12-13). Neither First to the Finish Inc. nor First to the Finish LLC are registered limited liability companies authorized to conduct business anywhere in the United States. (Doc. 1 at ¶¶ 16-19; Doc. 16 at ¶¶ 16-19). First to the Finish Real Estate LLC ("FTTFRE") is a registered limited liability company in Illinois, with its principal place of business located in Carlinville, Illinois. (Doc. 1 at ¶¶ 7-9). Michael Viano is the manager and registered agent of FTTFRE. (*Id.* at ¶ 10).  Not named as a defendant is First to the Finish Kim and Mike Viano Sports, Inc. (the "Bankrupt Company"), which, on October 7, 2020, filed a Chapter 11 voluntary petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Illinois. (*Id.* at ¶¶ 22-24; *See* Case No. 20-30955).

At the request of Michael Viano on behalf of Defendants, Nike provided goods and services to Defendants. (Doc. 23-1 at 3). Defendants received and accepted the benefits of the goods and services Nike provided, with full knowledge Nike expected to be paid for the goods and services. (*Id.*). As of January 2020, Defendants had accumulated

an outstanding balance of $971,187.23 for the goods and services Nike provided to Defendants. (*See* Doc. 1 at ¶ 27).

On January 8, 2020, Nike, desiring to continue doing business with Defendants on terms that would allow Defendants to reduce its outstanding balance, executed a Secured Promissory Note ("Note") and Security Agreement with Defendants. (Doc. 1 at ¶¶ 26-27). Michael Viano executed the Note and Security Agreement on behalf of FTTFRE, First to the Finish Inc., and First to the Finish LLC, and the Bankrupt Company (collectively, the "Customer"). (*Id.*). The Security Agreement granted Nike a security interest in substantially all of the Customers' assets. (*Id.* at ¶ 31.). On January 18, 2020, Nike perfected its security interest by filing against each Customer a UCC-1 Financing Statement asserting a security interest in all of the collateral set forth in the Security Agreement. (*Id.* at ¶ 39).

Under the terms of the Note and Security Agreement, the Customer acknowledged they collectively owed Nike an outstanding balance of $971,187.23 "for goods and services" Nike provided to the Customer, and promised to pay that same amount. (Doc. 1 at ¶¶ 27, 28). The terms of the Note and Security Agreement set out the payment schedule, with the Note having a maturity date of April 3, 2020. (*Id.* at ¶¶ 29-30). Nike also executed personal and corporate guaranty agreements with the Vianos, the Bankrupt Company, and the Corporate Defendants. On November 29, 2019, the Vianos provided separate personal guaranties ("Personal Guaranties") of payment to Nike. (Doc. 1, at ¶¶ 45, 47, 58, 59; Exh. E; Exh. F). In the Personal Guaranties, the Vianos individually guaranteed the debts of the Bankrupt Company and the Corporate Defendants, stating:

> Guarantor agrees to indemnify Nike and hold Nike harmless from all
> obligations, demands, claims, and liabilities asserted by any other party,
> and against all losses uncured or paid by Nike in any way arising out of or
> in connection with Nike's transactions with [the Corporate Defendants and
> the Bankrupt Company] or Guarantor.

(Doc. 1, at ¶¶ 46, 48, 52; Exh. E; Exh. F). In addition to the Personal Guarantees, Michael

Viano, on behalf of the Bankrupt Company and Corporate Defendants, provided Nike

with two corporate guaranties, one executed on December 16, 2019, and another executed

on January 9, 2020 ("Corporate Guaranties"). (Doc. 1, at ¶¶ 61–63; Exh. G; Exh. H). The

Corporate Guaranties provided:

> Guarantors unconditionally, absolutely and irrevocable guarantee and
> promise to pay to Nike when due all payments and indebtedness owed by
> every other Guarantor to Nike.

(Ex. G). The outstanding balance listed in the Corporate Guaranties is $971,187.23. (Doc.

1, at ¶ 67). The Note and Security Agreement provide that the Customers' failure to pay

Nike pursuant to the payment schedule attached to the Note constitutes an event of

default of the Note and Security Agreement. (*Id*. at ¶ 33). Upon default, the Security

Agreement permits Nike to, *inter alia*, accelerate the entire remaining balance due under

the Note and charge interest at the default rate. (*Id*. at ¶ 34). The Note, Security

Agreement, Personal Guarantees, and Corporate Guarantees are all governed by Oregon

law. (Doc. 1 at ¶ 37; ¶ 57; ¶ 72.).

On February 7, 2020, the Bankrupt Company and Corporate Defendants defaulted

on the Note and Security Agreement after failing to make payment. (*Id*. at ¶ 41). On July

31, 2020, Nike and the Customer entered into the Nike USA, Inc. Forbearance Agreement

(the "Forbearance Agreement"), which, *inter alia*: (i) acknowledged Nike's properly

perfected security interest in the Collateral; (ii) extended the maturity date of the Note and Security Agreement to December 30, 2020; and (iii) temporarily forbore on certain rights and remedies of Nike in the Note and Security Agreement, subject to the terms and conditions of the Forbearance Agreement. (*Id*. at ¶ 42). Upon default, the Forbearance Agreement entitled Nike to exercise all rights and remedies provided in the Note and Security Agreement. (*Id*. at ¶ 44).

On September 15, 2020, the Customer defaulted on the Forbearance Agreement by failing to make the payment due. (*Id*. at ¶ 43). On October 7, 2020, First to the Finish Kim and Mike Viano Sports. Inc. filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Illinois, leaving the remaining defendants to pay Nike. (*See* Case No. 20-30955-lkg).

On August 25, 2021, Nike filed the instant Complaint alleging: Count I: Breach of Contract (Note and Security Agreement) against Defendants; Count II: Judgment on the Note against Defendants; Count III: Breach of Contract (Corporate Guaranties of Outstanding Amounts) against Defendants; Count IV: Breach of Contract (Corporate Guaranties of Note and Security Agreement) against Defendants; Count V: Breach of Contracts (Personal Guaranties of Outstanding Amounts) against the Vianos; Count VI: Breach of Contract (Personal Guaranties of Note and Security Agreement) against the Vianos; Count VII: Indemnification against Defendants; and Count VIII: Unjust Enrichment against Defendants. (*See* Doc. 1).

On August 19, 2022, FTTFRE filed a voluntary chapter 11 petition for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Illinois. (*See*

Case. No. 22-30513). On December 27, 2022, the Bankruptcy Court dismissed FTTFRE's chapter 11 petition. (Doc. 23-1 at 5).

### III.  LEGAL STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A plaintiff must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). In determining and evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the party opposing summary judgment and draws all justifiable inferences in his favor. *Id.* "Once the movant has carried this burden, it passes to the non-movant 'to come forward with specific facts showing that there is a genuine issue for trial.'" *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 933 (7th Cir. 2018) (*quoting Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015)). When a nonmovant completely fails to prove an essential element of its case, it "necessarily renders all other facts immaterial," and "entitle[s] the movant to a judgment as a matter of law." *Celotex*, 477 U.S. at 322–23. The substantive law will identify which facts are material. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id.*

A federal court sitting in diversity must "look to the choice-of-law rules of the forum state to determine which state's law applies" to the issues before it. *Sosa v. Onfido*, Inc., 8 F.4th 631, 637 (7th Cir. 2021); *Fulcrum Fin. Partners v. Meridian Leasing Corp.*, 230

F.3d 1004, 1011 (7th Cir. 2000). "In contract disputes such as this one, Illinois respects the contract's choice-of-law clause as long as the contract is valid, and the law chosen is not contrary to Illinois' fundamental public policy." *Fulcrum*, 230 F.3d at 1011; *see also Hall v. Sprint Spectrum L.P.*, 876 N.E.2d 1036, 1041 (Ill. Ct. App. 2007) (Illinois courts recognize express choice of law). In this case, the relevant contracts are governed by Oregon law. (Doc. 1-2 at 4). Therefore, the Court looks to Oregon law to determine if the facts support summary judgment. *See Anderson*, 477 U.S. at 248; *Fulcrum*, 230 F.3d at 1011.

Pursuant to Local Rule 7.1(D)(2), Defendant's failure to respond to Nike's Motion for Summary Judgment is deemed an admission of the Motion. C.D. Ill. L.R. 7.1(D)(2). As such, the Court is entitled to grant Nike's Motion. *See McGann v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 8 F.3d 1174, 1178 (7th Cir. 1993); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992); *Appley v. West*, 929 F.2d 1176, 1179 (7th Cir. 1991) (finding that defendant's failure "to file any statement raising genuine issues of fact as required by Local Rule" is an admission of the facts contained in plaintiff's statement, and entitles plaintiff to summary judgment). However, the Court will address the merits of Nike's Motion for Summary Judgment as follows, limiting its consideration only "to those [materials] which have been properly authenticated." *McGann*, 8 F.3d at 1178 n.3.

## IV.   ANALYSIS

In its Motion, Nike argues it is entitled to summary judgment because it has demonstrated that no material facts are disputed and Defendants have admitted Nike is entitled to judgment as a matter of law. (Doc. 23-1 at 9). Specifically, Nike argues

Defendants have admitted they: (1) breached the Note, Security Agreement, and the Personal and Corporate Guaranties (collectively, the "Contracts"); and (2) they owe Nike $736,123.97. (*Id.*).

### 1. Breach of Contracts

A cause of action for breach of contract under Oregon law requires a plaintiff to establish: (1) the existence of a contract; (2) its relevant terms; (3) plaintiff's full performance and lack of breach; and (4) defendant's breach resulting in damage to plaintiff. *Moyer v. Columbia State Bank*, 505 P.3d 26, 33–34 (Or. Ct. App. 2021), *review denied*, 509 P.3d 116 (Or. 2022). "[A] security agreement is first of all a contract between debtor and creditor." *Cmty. Bank v. Jones*, 566 P.2d 470, 478 (Or. 1977). Action for judgment on the note is an action for breach of contracts. *See Magee v. All Terrain Contractors, Inc.*, 926 P.2d 323, 324 (Or. Ct. App. 1996). Under Oregon law, "a guaranty of the payment of a note or other obligation is an absolute undertaking to pay it when due, and that no demand or notice of nonpayment is necessary or requisite to fix the liability of the guarantor." *Marshall-Wells Co. v. Tenney*, 244 P. 84, 87 (Or. 1926). Even if the guarantor was solvent at maturity and afterwards went bankrupt, the holder's passiveness will not release the guarantor from its obligations. *Id.* In Oregon, it is a well-settled principle that:

> Although a guaranty is a contract and is subject to the general rules of contract construction, it also should not receive a strict and technical interpretation but a fair, and reasonable one, according to the true import of its terms, and what may be fairly presumed to have been the intention and understanding of the parties, with a view to the furtherance of its spirit and in order to attain the object designed.

*Bank of Nw. v. Brattain*, 698 P.2d 536, 537–38 (Or. Ct. App. 1985) (internal quotations and citations omitted). Furthermore:

> after the intention of the parties or the scope of the guarantor's undertaking has been determined, by the ordinary rules of construction either from the instrument itself in which it is clearly expressed, or from the instrument and the surrounding circumstances, the rule of *strictissimi juris* applies, that is, that the guarantor is entitled to have his undertaking as thus determined strictly construed and that it cannot be extended by construction or implication beyond the precise terms of his contract.

*Id*. at 538 (internal quotations and citations omitted).

In this case, there is no genuine issue of material fact as to the existence of the Contracts and Defendants' breach of those Contracts. First, Defendants admit the existence and validity of the Contracts. (Doc. 1 at ¶¶ 79-80; 98-99; 116-17; Doc. 16 at 79-80; 98-99; 116-17). Specifically, the Vianos each executed personal guarantees to Nike guaranteeing the payment of the debt of First to the Finish Kim and Mike Viano Sports Inc. and First to the Finish Real Estate LLC. (Doc. 16 at ¶ 49; Doc. 23-1 at 7). Defendant Michael Viano also executed the corporate guaranties on behalf of the Corporate Defendants guaranteeing payment to Nike. (Doc. 1 at Exh. G; Exh. H; Doc. 23-1 at 6-7). The guaranties are unconditional, absolute, and irrevocable. (Exh. E; Exh. F; Exh. G; Exh. H).

Second, Defendants do not dispute the relevant terms of the Contracts, which, in sum, require Defendants to pay Nike the outstanding balance. (Doc. 1 at ¶¶ 27-28; 46-48; 73; 106-07; 111; 118-19, 135-38; Doc. 16 at ¶¶ 27-28; 46-48; 73; 106-07; 111; 118-19; 135-38). Third, Defendants do not contest that Nike substantially performed under the Contracts

by providing Defendants with goods and services. (Doc. 1 at ¶¶ 83-88, 98-102, 120-21; Doc. 16 at ¶¶ 83-88, 98-102, 120-21).

   Lastly, Defendants admit they breached the Contracts, causing Nike to suffer damages. (Doc. 1 at ¶¶ 87-88, 106-107, 111-13, 125, 131; Ans. at ¶¶ 87-88, 106-107, 111-13, 125, 131; Doc. 23-4, M.V. Resp. to Interrog. ¶¶ 1-3; Doc. 23-5, K.M. Resp. to Interrog. ¶¶ 1-3). Applying the *strictissimi juris* rule, Nike has not extended, by construction or implication, Defendants' undertakings beyond the precise terms of the Contracts. *See Bank of Nw.*, 698 P2d at 537-38. Defendants' payment is due, and their obligation to pay Nike is absolute. *See Marshall-Wells*, 244 P. at 87. Accordingly, Nike is entitled to judgment as a matter of law as to Counts I–VII against each Defendant in the amount of $736,123.97.

   **2. Unjust Enrichment**

   In the alternative, Nike asserts the existence of an implicit agreement, arguing Defendants unjustly benefited from retaining goods and services without providing Nike with fair and equitable compensation. (Doc. 1 at ¶¶ 143-150). Under Oregon law, a person who requests the services of another may be held liable for the *quantum meruit* value based on the implied promise of payment for those services. *In re Klemp*, 418 P.3d 733, 741 (Or. 2018). A *quantum meruit* claim may proceed on either of two theories, namely, a contract "implied in fact" or "implied in law." Jones, 456 P.3d at 626. A *quantum meruit* claim "typically seeks compensation for services rendered in the expectation of payment, but in the absence of explicit agreement as to amount." *Kizer Excavating Co. v. Stout Bldg. Contractors, LLC*, 525 P.3d 883, 887, *opinion adhered to as modified on reconsideration*, 529 P.3d 1024 (Or. Ct. App. 2023). "[T]he question of when enrichment is unjust does not turn on

whether one has been unjustly enriched in some abstract sense of moral judgment, but on whether the enrichment is unjustified by legal standards." *Jones*, 456 P.3d at 627 n.12 (internal quotations and citations omitted).

While Nike bases its *quantum meruit* assertion on the concept of unjust enrichment as implied in law, it is more fitting to classify the claim available to Nike as a *quantum meruit* claim implied in fact. *See In re Klemp*, 418 P.3d at 741. When, as here, a defendant's promise to pay is "implied in fact," the action retains a contractual character. *See id*. Thus, because Nike's *quantum meruit* claim is based on the same goods and services as its breach of contracts claim, which the Court has already entered judgment in Nike's favor, Nike's *quantum meruit* claim is moot. *Prestige Homes Real Estate Co. v. Hanson*, 151 Or. App. 756, 762 (1997) ("[T]here cannot be a valid legally enforceable contract and an implied contract covering the same services.").

## V. CONCLUSION

For the foregoing reasons, Nike's Motion for Summary Judgment (Doc. 23) is GRANTED. Because Nike's unjust enrichment claim is moot, the Court need not rule on it. The Clerk is directed to enter judgment in favor of Nike against each Defendant in the amount of $736,123.97.

ENTER: November 7, 2023

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE